# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF KENTUCKY
# (Paducah Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOODRICH CORPORATION (f.k.a. )<br>B.F. Goodrich Corporation); WESTLAKE )<br>VINYLS, INC.; and POLYONE )<br>CORPORATION, )<br>)<br>Defendants. ) | Civil Action No. 5:20-cv-154-TBR |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA" or "Plaintiff"), and allege as follows:

## STATEMENT OF THE ACTION

1. This is a civil action by the United States of America for injunctive relief and recovery of response costs incurred or to be incurred under Sections 106(a) and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C.

§§ 9606(a) and 9607(a), related to the releases and threatened releases of hazardous substances at the B.F. Goodrich Superfund Site in Calvert City, Marshall County, Kentucky (the "Site").

2. This civil action also seeks a declaratory judgment under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable to the United States for future response costs that it incurs that is not inconsistent with the NCP in responding to releases and threatened releases of hazardous substances at, beneath, and/or related to the Site.

3. The United States has incurred response costs and expects to continue to incur response costs in connection with actions taken in response to releases and/or threatened releases of hazardous substances at the Site.

4. Goodrich Corporation, (formerly The B.F. Goodrich Company), Westlake Vinyls, Incorporated, and PolyOne Corporation are among the parties the Plaintiff has determined to be potentially responsible parties (PRPs) for the Site.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action and over Defendants under 28 U.S.C. §§ 1331, 1367, and 1345; CERCLA Sections 106, 107, and 113(b), 42 U.S.C. §§ 9606, 9607, and 9613(b).

6. Venue is proper in this district under Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) and 9613(b), because the claims arose, and/or the threatened and actual releases of hazardous substances occurred, in the Western District of Kentucky.

## PLAINTIFF

7. The Plaintiff the United States of America is acting at the request of EPA, an agency of the United States.

## DEFENDANTS

8. The defendants to this action (collectively "Defendants") are the Goodrich Corporation ("Goodrich"), Westlake Vinyls Incorporated ("Westlake"), and PolyOne Corporation ("PolyOne").

9. Goodrich was a New York corporation with its principal place of business in Charlotte, North Carolina. In 2011, Goodrich was acquired by United Technologies Corporation ("UTC"). In April 2020, UTC merged with the Raytheon Corporation to form Raytheon Technologies.

10. Westlake is a Delaware corporation with its principal place of business in Houston, Texas.

11. PolyOne is an Ohio corporation with its principal place of business in Avon Lake, Ohio.

12. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE SITE

Background of Chemical Operations

13. Goodrich Corporation acquired farmland in Calvert, City, Kentucky in 1951 to construct and operate a chemical manufacturing facility.

14. In the 1950s, Goodrich constructed its initial chemical manufacturing plants at the Site.

15. Goodrich initiated operations at the Site in 1953, with the production of vinyl chloride monomer ("VCM") through a reaction of acetylene and hydrogen chloride.

16. In the 1960s, Goodrich built additional chemical processing plants at the Site and switched from using an acetylene-based VCM production to an ethylene-based VCM production ("EDC").

17. In the 1960s through the 1980s, Goodrich continued to expand its chemical processing operations and make changes to its processes, including

building a chlorine plant, shutting down its acrylonitrile plant, and installing wastewater ponds to eliminate waste discharge.

18. In 1990, Goodrich sold its EDC facilities to Westlake Monomers Corporation, which upon information and belief is now a part of Westlake Vinyl.

19. In 1997, Goodrich sold its chlorine and ethylene plants to Westlake CA&O Corporation, which upon information and belief is now a part of Westlake Vinyl.

20. In 2007, Goodrich transferred title of its remaining property at the Site (comprised entirely of non-manufacturing areas) to PolyOne Corporation.

Disposal of Hazardous Substances

21. Until 2009, the Kentucky Department of Environmental Protection (KDEP) managed most of the environmental response for the Site under the Resource Conservation and Recovery Act (RCRA). Prior to 2009, the Superfund response only focused on the B.F. Goodrich landfill and burn pit area adjacent to the operating plant area which had been added to the National Priorities List (NPL) in 1984.[1] As EPA and KDEP's understanding of the magnitude of contamination

---

[1] The Airco Site, adjacent to the B.F. Goodrich Site (landfill and burn pit area), also was listed on the NPL in 1984, and due to the shared history and adjacent location of these Sites, the PRPs addressed both Sites under one ROD in 1988.

increased, in 2009, KDEP requested that the EPA expand the scope of the Superfund response, specifically by expanding the NPL listing to include the rest of the B.F. Goodrich (now owned by Westlake Vinyls, Incorporated) operating plant area previously managed by KDEP under RCRA.

22.  After the Defendants completed the Remedial Investigation/Feasibility Study (RI/FS) for the Site in 2017, the EPA Administrator signed the Record of Decision (ROD) for this Site on September 5, 2018. The capital value of the work under ROD is valued at approximately $108 million. The remedy requires the installation of a three-mile containment wall around the perimeter of the facility, down to bedrock to prevent further migration of contaminated groundwater to the Tennessee River; recovery of EDC non-aqueous phase liquid (NAPL) from the source zone beneath the river; and monitored natural attenuation of groundwater with some groundwater extraction and treatment.

23.  On October 1, 2018, the EPA issued Special Notice Letters (SNLs) to the three PRPs, Goodrich, PolyOne and Westlake, to initiate the negotiation of the Remedial Design (RD) through the execution of an Administrative Order on Consent (AOC).

## **GENERAL ALLEGATIONS**

24.     Releases of hazardous substances have occurred at the Site and continue to occur at the Site since manufacturing operations began in the 1950s. These releases have been associated directly with the manufacturing facilities at the Site, ancillary features of the manufacturing facilities (i.e. process sewers and chemical storage and transfer areas), and historical waste disposal practices. Current releases of hazardous substances continue as the historically released hazardous substances migrate into the soil, groundwater, and surface water, including the Tennessee River. The hazardous substances identified in the RI are chlorinated volatile organic compounds, EDC, benzene, naphthalene and mercury which are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

25.     In overseeing the work at the Site the United States has incurred response costs and will incur additional response costs in the future.

26.     The response costs incurred and to be incurred by the United States are not inconsistent with the National Contingency Plan, which is codified at 40 C.F.R. Part 300. The United States' response actions include, but are not limited to, the oversight of the investigation of the Site and will include oversight of the performance of the Remedial Action.

27. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

28. There were and are "releases" and threatened "releases" of hazardous substances at and from the Site into the environment, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and the Site poses threats or potential threats to human health and/or the environment.

29. Goodrich is liable under CERCLA as the former owner and operator of the Site at the time of disposal of hazardous substances at the Site, as defined by Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

30. Westlake is liable under CERCLA as the current owner and operator of a portion of the Site defined by Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

31. PolyOne is liable under CERCLA as the current owner and operator of a portion of the Site (including the landfill along the eastern perimeter; the RCRA closure cell; and Ponds 1A and 2) as defined by Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

## **FIRST CLAIM FOR RELIEF**

32. Paragraphs 1-26 are realleged and incorporated herein by reference.

33. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> In addition to any other action taken by a State or local government, when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require.

34. By Executive Order 12580 of January 23, 1987, the President's functions under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), were delegated to the Administrator of EPA.

35. The United States has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of the release and threatened release of hazardous substances from the Site.

36. Under Section 106 of CERCLA, 42 U.S.C. § 9606, Defendants are liable for any remedial injunctive relief which may be required at the Site.

## **SECOND CLAIM FOR RELIEF**

37. Paragraphs 1-31 are realleged and incorporated herein by reference.

38. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .

shall be liable for –

(A) all costs of removal or remedial action incurred by the United States Government or a State not inconsistent with the national contingency plan… .

39. Defendants are liable under Section 107(a) of CERCLA, 42 U.S.C. §§ 9607(a)(2), as a person who currently owns a portion of the Site or as a person which owned or operated a facility at the time at which hazardous substances were disposed of.

40. The United States has incurred and will continue to incur costs not inconsistent with the National Contingency Plan to respond to the release or threatened release of hazardous substances at the Site, or of hazardous substances

which came to be located at the Site, within the meaning of sections 101(23), 101(24), and 101(25) of CERCLA, 42 U.S.C. §§ 9601(23), (24), and (25).

41. The United States is entitled to a declaratory judgment on liability against Defendants, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully request that the Court enter:

1. An order under Section 106 of CERCLA, 42 U.S.C. § 9606, requiring Defendants to perform certain response actions that are necessary to abate the danger or threat of a release of hazardous substances at or from the Site;

2. A declaratory judgment, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), of Defendants' liability, which will be binding in any subsequent action against Defendants seeking to recover further response costs incurred by the United States in connection with the Site; and

5. An order granting such other relief as the Court deems appropriate.

FOR THE UNITED STATES OF AMERICA

        Respectfully submitted,

        JONATHAN D. BRIGHTBILL
        Principal Deputy Assistant Attorney General
        Environment & Natural Resources Division

        ELLEN M. MAHAN
        Deputy Chief
        Environmental Enforcement Section
        Environment and Natural Resources Division

        RUSSELL M. COLEMAN
        United States Attorney

        WILLIAM F. CAMPBELL
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, KY 40202
        502-582-5911
        bill.campbell@usdoj.gov

Sept. 17, 2020        /S/ Karl J. Fingerhood
Date        KARL J. FINGERHOOD (PA Bar ID No. 63260)
        Senior Counsel
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        202-514-7519
        karl.fingerhood@usdoj.gov

OF COUNSEL FOR THE UNITED STATES OF AMERICA:

KIM A. JONES
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 4

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Goodrich Corporation, Westlake Vinyls Inc., PolyOne Corporation

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Marshall
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karl Fingerhood, US Department of Justice, Environmental Enforcement Section, P.O. Box 7611, Washington, D.C. 20044-7611
Tel: 202-514-7519

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) 42 USC Secs. 9606 & 9607

Brief description of cause:
Complaint for response costs incurred by USA and Injunctive relief requiring cleanup of hazardous substances

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/17/2020

SIGNATURE OF ATTORNEY OF RECORD: /S/ Karl Fingerhood

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

| | ) | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:20-cv-154-TBR |
| Goodrich Corporation, et.al | ) | |
| *Defendant* | ) | |

**WAIVER OF THE SERVICE OF SUMMONS**

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.